UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CAUSE NO. 2:06 CR 176 |
| | ) |
| RAHUL MANNAVA | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Quash Defendant's Subpoena filed by the government on February 23, 2007.  For the reasons set forth below, the motion is **GRANTED IN PART**.

Background

In August 2006, the government operated an internet sting from various locations in Northwest Indiana.  Agents posing as 13 year old girls engaged a number of men in sexually explicit online conversations over a period of several days.  All of the "minors" agreed to engage in sexual activity with the targets of the investigation, and some of the men traveled to the agreed locations.

The defendant, Rahul Mannava, was one of the individuals arrested.  All of the online conversations took place in a Yahoo! chat room.  The police participated in these conversations under the user name "gracief13", and the defendant participated with the user names "SUN4RAYS" and "Sun_Shine."

Pursuant to Federal Rule of Criminal Procedure 17(c), the defendant issued a subpoena to the custodian of records for

Yahoo! requesting production of the following:

> All reports, computer printouts, event queries, logs, papers, documents, files, notes, or other records in the month of August 2006 related to the following Yahoo [sic] user IDs: "SUN4RAYS@yahoo.com", and "GRACIEF13."
>
> Specifically, you are commanded to bring all Yahoo [sic] messenger "Delete" logs of buddies from the buddylist that belongs to user ID "SUN4RAY@yahoo.com".

The government has objected that the requested records may contain information concerning an ongoing investigation.

### Discussion

Federal Rule of Criminal Procedure 16(a) describes the information which the government is required to produce prior to trial. Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offer in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*See generally Wright, Federal Practice and Procedure:* Criminal 3d §271.

A defendant may not use Rule 17(c) to circumvent the discovery limitations of Rule 16(a).

> Although it has always been clear that Rule 17(c) was not intended as a discovery device, the limitations on the discovery rule, Rule 16, prior to 1966, created pressures to turn Rule 17(c) into such a device. In some respects the two rules overlapped, while in other respects they differed. . . . Rule 17(c) was and is limited to evidentiary materials.

* * *

> The burden is on the party seeking production to show good cause for production before trial. Whether the issue is raised by motion under Rule 17(c) for advance inspection or by motion to quash a subpoena returnable before the trial date, the burden is on the party seeking production in either event to show good cause for production prior to trial.
>
> *Wright, Federal Practice and Procedure*: Criminal 3d §274

In response to the government's concerns about ongoing criminal investigations, the defendant argues that the information is necessary to support his entrapment defense. The government has not raised any other objection to the production of the records prior to trial.

The subpoena will be modified to require Yahoo! to produce the requested information to Thomas S. Ratcliffe, the Assistant United States Attorney assigned to this case. Within ten (10) days of receiving those documents, Mr. Ratcliffe shall provide the defendant with any documents which do not relate to an ongoing investigation. If Mr. Ratcliffe believes that any portions of the Yahoo! documents should be redacted, he shall provide the original documents along with the documents in a proposed redacted form to this court for an *in camera* inspection.

_____

For the foregoing reasons, the Motion to Quash Defendant's Subpoena filed by the government on February 23, 2007 is **GRANTED IN PART**. The government is **ORDERED** to provide the Yahoo! custodian of the records with a copy of this Order promptly.

3

ENTERED this 5th day of April, 2007

                                             s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge